UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 09-61590-CIV-MORENO

COACH SERVICES, INC.,

    Plaintiff,

vs.

777 LUCKY ACCESSORIES, INC., JOSHUA GLICKMAN, SHAUL ASHKENAZY, and EZRA SAIG,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE

Plaintiff, Coach Services, Inc., is suing Defendants 777 Lucky Accessories, Inc., Joshua Glickman, Shaul Ashkenazy, and Ezra Saig for trademark infringement, false designation of origin, trademark dilution, common law unfair competition, and violation of Florida's Deceptive and Unfair Trade Practices Act, over sunglasses containing allegedly similar marks owned by Coach Services Inc. ("Coach"). Defendant 777 Lucky Accessories, Inc., ("Lucky"), responded with a counterclaim alleging that Plaintiff committed tortious interference with a business relationship. Plaintiff moves to dismiss Lucky's tortious interference counterclaim for failure to state a claim upon which relief can be granted under Rule 12(b)(6). For the reasons stated below, the Court finds that Defendant's claim should be dismissed without prejudice with leave to amend.

### LEGAL STANDARD

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face

dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal*, 129 S. Ct. at 1950.

## ANALYSIS

To succeed in a claim for tortious interference of business relations under Florida law, "the plaintiff must demonstrate (1) the existence of a business relationship under which the plaintiff has legal rights; (2) an intentional and unjustified interference with the relationship; and (3) damage to the plaintiff as a result of the tortious interference with that relationship." *Ad-Vantage Tel. Directory Consultants, Inc. v. GTE Directories Corp.*, 849 F.2d 1336, 1348-49 (11th Cir. 1987) (citations omitted).

To satisfy the first prong of a tortious interference of a business relationship claim, the plaintiff may allege "tortious interference with present or prospective customers but no cause of action exists for tortious interference with a business's relationship to the community at large." *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 815 (Fla. 1994) (citation omitted). "As a general rule, an action for tortious interference with a business relationship requires a business

relationship evidenced by an actual and identifiable understanding or agreement which in all probability would have been completed if the defendant had not interfered." *Id.* at 815. Indeed, the Florida Supreme Court has stated that "in order to establish the tort of tortious interference with a business relationship, the plaintiff must prove a business relationship with identifiable customers." *Ferguson Transp., Inc., v. N. Am. Van Lines, Inc.*, 687 So. 2d 821 (Fla. 1996).

Here, Lucky claims that when its sunglasses arrived to the United States, U.S. Customs took pictures of the sunglasses and emailed the pictures to Coach. Coach then instructed U.S. Customs to destroy the sunglasses even though Coach knew the sunglasses would be sold by Lucky to its customers. Lucky's counterclaim states that it planned to sell the sunglasses to "various customers." (Answer 9.) Lucky also claims that "Coach knew that the accused goods would be sold by 777 Lucky to Lucky's customers." (Answer 10.) In this case, Lucky's tortious interference claim fails because it alleges a business relationship with the community at large instead of with "identifiable customers." Lucky's allegation that it was planning to sell its sunglasses to "various customers" is too vague and abstract to satisfy the first element of a tortious interference claim.

Although Lucky's Response to Plaintiff's Motion to Dismiss alludes to identifiable customers (Lucky's Resp. 4), the Court may not consider those facts when ruling on a motion to dismiss. Instead, the Court's examination is limited to the four corners of the complaint in determining the sufficiency of the allegations. *See* Fed. R. Civ. P. 12(b)(6); *see also Medina v. United Christian Evangelistic, Ass'n*, No. 08-22111-CIV, 2009 WL 653857, at * 1 (S.D. Fla. Mar. 10, 2009) (citation omitted). Lucky's bare allegation in its counterclaim lacks any specificity and is an example of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [which] do not suffice." *Iqbal*, 129 S. Ct at 1949-50 (citations omitted). In analyzing motions to

dismiss, it is the duty of the Court to separate legal conclusions, that are not entitled to the assumption of truth, from factual allegations that are. *Id.* at 1950. Here Lucky merely lists legal conclusions, and therefore, cannot be taken as true.

Accordingly, the Court finds that Lucky's counterclaim is a legal conclusion without any factual allegations to support its claim. The Court hereby dismisses Lucky's counterclaim for failure to state a claim upon which relief can be granted. Because Lucky fails to make allegations sufficient to satisfy the first prong of the tortious interference requirement, the Court dismisses this claim without prejudice with leave to amend. Accordingly, it is

**ADJUDGED** that Plaintiff's Motion to Dismiss is GRANTED WITHOUT PREJUDICE. Further, Defendant, 777 Lucky Accessories, Inc., must re-file its counterclaim by **May 14, 2010**.

DONE AND ORDERED in Chambers at Miami, Florida, this __ day of May, 2010.

_____
FEDERICO A. MORENO
CHIEF UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record