UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 09-61590-CIV-MORENO

COACH SERVICES, INC.,

    Plaintiff,

vs.

777 LUCKY ACCESSORIES, INC., JOSHUA GLICKMAN, SHAUL ASHKENAZY, and EZRA SAIG,

    Defendants.
_____/

## ORDER GRANTING JURY TRIAL

The issue before the Court is whether the case will be tried before a jury. To properly determine this issue, it is necessary to trace the history of the parties' demand for a trial by jury. When Plaintiff filed suit against Defendants it did not demand a jury trial. Defendants then responded with an Answer, and 777 Lucky Accessories, Inc. ("777 Lucky") alleged a counterclaim containing a demand for a jury trial. During calendar call on June 1, 2010, the parties revealed a disagreement over whether the case will be tried by jury. As a result, the Court ordered the parties to brief the issue. After careful consideration of the record and the pertinent law, the Court finds that the case shall be tried by a jury.

"The right to a jury trial 'shall be preserved . . . inviolate,' and a court's discretion 'is very narrowly limited and must, wherever possible, be exercised to preserve jury trial.'" *Borgh v. Gentry*, 953 F.2d 1309, 1311 (11th Cir. 1992) (quoting *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510 (1959)). Listed below 777 Lucky's Counterclaim it states, "777 Lucky demands a trial by jury."

(Answer at 10.) The Counterclaim alleged that Plaintiff had tortiously interfered with 777 Lucky's business relationships when U.S. Customs seized goods accused of being counterfeit of Plaintiff's goods. 777 Lucky's Counterclaim is a compulsory counterclaim as defined in Federal Rule of Civil Procedure 13(a) because it is a claim that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a).

Plaintiff, the opposing party to the Counterclaim, initially sued Defendants alleging trademark infringement, false designation of origin, trademark dilution, common law unfair competition, and violation of Florida's Deceptive and Unfair Trade Practices Act over Defendants' sunglasses which allegedly contain marks that are similar to Plaintiff's trademark. Plaintiff's allegations arise from the same transaction or occurrence as 777 Lucky's tortious interference claim because there is a logical relationship between the claims, and similar facts and testimony would be used to prove the Counterclaim and Plaintiff's claims. Therefore, by definition, a compulsory counterclaim relates to the allegations in the complaint, and so, a demand for a jury trial as to the counterclaim applies to all the counts in the complaint. *See* 8 James WM. Moore et al., Moore's Federal Practice §38.50[9][c] (3d ed. 2010). Defendants argue that because the Court dismissed the Counterclaim without prejudice, the demand for a jury trial attached to that Counterclaim is also eliminated. The Court disagrees because of the nature of a compulsory counterclaim.[1] As a result,

---

[1] In *Mesa Petrol. Co. v. Coniglio & C.A. Locke, Jr.*, 629 F.2d 1022, 1028 (5th Cir. 1980), the Court found that appellants had waived their jury demand upon the court's dismissal of the counterclaims that contained the jury demands. *Mesa* is distinguishable from the instant case, however, because it is silent as to whether the counterclaims were compulsory or permissive. Because a demand for a jury trial attached to a compulsory counterclaim necessarily attaches that demand to the issues in the complaint, *Mesa* is not applicable here.

All Fifth Circuit decisions handed down prior to the close of business on September 30,

777 Lucky's demand for a jury trial attached to its Counterclaim is also a demand for a jury trial for all the claims in the case. *See Park Club Inc. v. Resolution Trust Corp.*, 967 F.2d 1053, 1057-58 (5th Cir. 1992) (finding that the "test for determining whether a request for a jury on the counterclaim entitles a party to a jury on the complaint is whether the counterclaim is compulsory").

Nonetheless, even assuming 777 Lucky's Counterclaim is not compulsory, the Court still finds that the case should be tried with a jury. Pursuant to Federal Rule of Civil Procedure 39(b), upon motion by one of the parties the Court may order a trial by jury despite the party's failure to make a timely demand in compliance with Rule 38. Plaintiff did not make a timely demand for a jury trial pursuant to Rule 38. Although Plaintiff did not specifically file a motion demanding a jury trial under Rule 39(b), the Court construes Plaintiff's arguments made in favor of a jury trial stated during calendar call as an *ore tenus* motion demanding a jury trial. The Court is further convinced of Plaintiff's demand for a jury trial evidenced by its Memorandum of Law in Support of Plaintiff's Right to Jury Trial filed after the Court requested briefing on the disputed issue of whether the case will be tried with a jury. *See W.B. Jackson v. Airways Parking Co.*, 297 F.Supp. 1366, 1384 (N.D. Ga. 1969) (finding that even though Rule 39(b) requires a motion for the court to act, "plaintiff's discussion of the need for a jury trial" was treated as such a motion).

Moreover, "the general rule governing belated jury requests under Rule 39(b) is that the trial court 'should grant a jury trial in the absence of strong and compelling reasons to the contrary.'" *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983) (quoting *Swofford v. B&W, Inc.*, 336 F.2d 406, 409 (5th Cir. 1964) (citation omitted). When action by the Court is sought through a rule 39(b) motion, the Court should consider the following factors: "(1) whether the case involves issues which

---

1981, are binding precedent upon the Eleventh Circuit. *Bonner v. Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981)(en banc).

are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial." *Parrott*, 707 F.2d at 1267 (citations omitted).

As to the first factor, the Court finds that trademark infringement cases, along with allegations of false designation of origin, trademark dilution, common law unfair competition, and violation of Florida's Deceptive and Unfair Trade Practices Act are ordinarily tried by a jury. *See Alliance Metals, Inc., of Atlanta v. Hinely Indus., Inc.*, 222 F.3d 895, 907 (11th Cir. 2000) (stating that the likelihood of confusion test used to determine trademark infringement is generally a question of fact) (citing *Conagra, Inc. v. Singleton*, 743 F.2d 1508, 1514-15 (11th Cir. 1984); *see also Jellibeans, Inc. v. Skating Clubs of Ga., Inc.*, 716 F.2d 833, 840 n.16 (11th Cir. 1983) (clarifying that the likelihood of confusion test is a question of fact in the Eleventh Circuit); *see also John H. Harland Co. v. Clarke Checks, Inc.*, 711 F.2d 966 (11th Cir. 1983) (finding sufficient evidence for jury's verdict on trademark infringement, unfair competition, and deceptive trade practices); *see also Provide Commerce, Inc. v. Preferred Commerce, Inc.*, No. 07-80185, 2008 WL 926777, at *3 (S.D. Fla. April 4, 2008) (denying defendant's motion for summary judgment on trademark infringement and common law trademark infringement claims because there were issues of fact that required a jury's determination).

The second and third factors weigh in favor of Plaintiff. The Court finds no disruption in its schedule by ordering a jury trial. Likewise, the Court does not find any adverse impact against Defendants by trying the case with a jury. Defendants rely on the Court's dismissal of the Counterclaim for its argument that the trial by jury was waived. In the Court's Order dated May 5, 2010, the Court dismissed the Counterclaim without prejudice with leave to re-file the Counterclaim

by May 14, 2010. Therefore, according to Defendants' arguments, until May 14, 2010 the case was proceeding with a jury trial. The Court finds that the time period between May 14, 2010 and June 1, 2010, approximately two weeks, does not create an adverse impact against Defendants by trying the case with a jury. Additionally, in light of the fact that Defendants were the original party to request a jury trial, the Court finds no prejudice to Defendants by trying the case with a jury.

As to the fourth factor, there was approximately a two-week delay in Plaintiff's request for a jury trial because Plaintiff had reason to rely on the Counterclaim's demand for a jury trial, which was only recently dismissed without prejudice. *See Taylor v. Gulf States Utils. Co.*, 375 F.2d 949, 950 (5th Cir. 1967) (finding that defendants were entitled to rely on the demand for a trial by jury previously made by plaintiffs). Lastly, Plaintiff does not state the reason for its tardiness in requesting a jury trial; however, even weighing this last factor against Plaintiff, the Court does not find a strong and compelling reason not to grant Plaintiff's request. Therefore, upon balancing all the factors together, the Court GRANTS Plaintiff's motion for a trial by jury.

DONE AND ORDERED in Chambers at Miami, Florida, this 16 day of June, 2010.

FEDERICO A. MORENO
CHIEF UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record