UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

COACH SERVICES, INC.,                                              CASE NO. 09-61590-CIV-Gonzalez
      Plaintiff,

vs.

777 LUCKY ACCESSORIES, INC.
JOSHUA GLICKMAN, SHAUL
ASHKENAZY, and EZRA SAIG,
      Defendants.

_____/

## DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S SUMMARY ORDER [DE 64] DUE TO PLAINTIFF'S MISREPRESENTATIONS

Defendants, 777 Lucky Accessories, Inc., Joshua Glickman, Shaul Ashkenazy, and Ezra Saig, (herein collectively "777 Lucky" unless otherwise specified), by and through its undersigned counsel, hereby files this motion for reconsideration of this Court's Order [DE 64] on Defendant's motion for summary judgment [DE 30].  The Court denied 777 Lucky's motion [DE 30] and Plaintiff, Coach Services, Inc.'s, (herein "Coach") Motion for Summary Judgment [DE 28] on the issue of "counterfeit."  Reconsideration of the Court's Order denying 777's motion seeking a ruling of "no counterfeit" because Coach misrepresented case dispositive information to the Court in its summary judgment affidavits, supporting evidence, its responsive discovery materials and throughout its pleadings.  Further, Coach failed to cite to the Court a California District Court case directly on point involving the same trademark registration asserted herein, finding "no counterfeit" for the Eight-C design, Reg. No. 2,832,589 (herein "1st Reg. '589").  In California, and in the case at bar, Coach asserted that sunglasses were a counterfeit of 1st Reg. '589.  See Coach's Motion [DE 28].  At the time of the "counterfeit" seizure and later when this case was filed, Coach Services, Inc.

1

CASE NO. 09-61590-CIV-Gonzalez

did not have a trademark registration which covered sunglasses. Coach hid all evidence of Registration No. 3,695,290 ("2nd Reg. '290") for the Eight-C mark for sunglasses at all times in this case.

**A.     Legal Standard**

    **1.     Motion For Reconsideration**

"'[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly.' In the Eleventh Circuit, courts should grant motions for reconsideration only where (1) an intervening change in controlling law happens; (2) **new evidence is discovered**; (3) the need to **correct clear error or prevent manifest injustice exists**; or (4) a patent misunderstanding by the Court of the party's arguments has occurred." Bettis v. Toys "R" Us, 2009 U.S. Dist. LEXIS 54444, 2-4 (S.D. Fla. June 23, 2009)(emphasis added)(granting reconsideration of the order striking Judge Moreno as a witness and considering the new evidence regarding the testimony, but ultimately denying plaintiff's demand to have the Judge testify at trial)(quoting Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) and citing FTC v. Capital Choice Consumer Credit, Inc., 2004 WL 5141452, *2 (S.D. Fla. May 5, 2004) and Z.K. Marine, Inc. v. M/V Archigetis, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)).

Newly discovered evidence, showing that the Court was misled by earlier evidence supporting its extradition order, is enough to vacate the court's earlier decision. Judge Garber, in In re Ben-Tov, 2006 U.S. Dist. LEXIS 96960 (S.D. Fla. Feb. 22, 2006), vacated an extradition order under Fed.R.Civ.P. 60(b)(3)(listing "fraud … misrepresentation, or other misconduct of an adverse party as grounds for granting relief from a final order or proceeding"). The court found that the

newly discovered evidence showed: (a) the customs-declaration form, supporting the extradition order, was not an accurate and true copy; (b) inaccurate witnesses testimony; and, (c) an inaccurate hearing transcript from the Dominican Republic. "Although the Court does not reach the question of whether the Dominican Republic willfully misrepresented evidence or perpetrated a fraud upon this Court, this Court finds that the evidence presented by Ben-Tov **could rise to the level of making such a showing**, especially in light of the fact that the extradition request includes a document which readily appears to contain a material alteration." In re Ben-Tov, 2006 U.S. Dist. LEXIS 96960, 27-28 (S.D. Fla. Feb. 22, 2006)(emphasis added).

### 2. Collateral Estoppel

Coach Services, Inc. is collaterally estopped to assert that (a) 1st Reg. '589 covers sunglasses when a prior court limited the scope of 1st Reg. '589 to sunglass cases and ruled that Reg. '589 did not cover sunglasses; and (b) 1st Reg. '589 cannot be used to support a counterfeit action against sunglasses when a prior court decision held otherwise. Coach, Inc. and Coach Services, Inc. v. Asia Pacific et al., 676 F.Supp. 2d 914 (C.D. Ca 2009). The Asia Pacific court specifically found that "[t]he evidence before the Court indicates that Plaintiffs' [Coach Services, Inc.] 'CC Design' mark [Reg. '589] was not registered for use on sunglasses, and Plaintiffs do not contend otherwise. Accordingly, the mark used by Defendant on its 'CC' products does not qualify as a 'counterfeit mark' under § 1117(c)'s provision for statutory damages." Asia Pacific, 676 F.Supp. at 923 (emphasis added). Defendants' products in Asia Pacific were sunglasses. The case at bar involves sunglasses. The Asia Pacific Defendants conceded infringement on sunglasses with respect to 1st

CASE NO. 09-61590-CIV-Gonzalez

Reg. '589, the Eight-C mark herein (called the "CC" mark in Asia Pacific), but disputed counterfeit damages and infringement on other types of sunglasses (a CG mark). Id. at 919.

> Plaintiffs did in fact have a registration for their "CC Design" mark--namely, Reg. No. 2,832,589 (the "'589 registration")--that covered use on "sunglasses and eyeglass cases." Defendant persuasively argues that the words "sunglasses and eyeglass" should be understood here as describing the kinds of "cases" covered, and that sunglasses, as separate products, were not covered by the '589 registration. Despite ample opportunity, Plaintiffs have not attempted to counter those arguments and, in fact, nowhere contend that their '589 registration covered sunglasses. The Court, therefore, reads the language at issue in the manner urged by Defendant.

Id. at 923 (citations to evidence omitted).

The Asia Pacific court also ruled that Coach could not recover statutory damages nor attorneys fees under the counterfeit provisions of the Lanham Act because the mark used on the accused "products do[] not qualify as a 'counterfeit mark' under § 1117(c)'s provision for statutory damages [p]laintiffs, therefore, are not entitled to statutory damages under the Lanham Act in connection with Defendant's 'CC' products." Id. at 923-24.

> Collateral estoppel, or issue preclusion, bars re-litigation of issues actually litigated and necessary to the judgment of prior litigation when the party against whom the earlier decision is asserted had a full and fair opportunity to litigate in the earlier proceeding."There are several prerequisites to the application of collateral estoppel: (1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding."

Lu Soro v. Citigroup, 287 Fed. Appx. 57, 59-60 (11th Cir. 2008)(quoting I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1549 (11th Cir. 1986) and citing Precision Air Parts, Inc. v. Avco Corp., 736 F.2d 1499, 1501 (11th Cir. 1984)); see also Wingard v. Emerald Venture Fla. LLC, 438 F.3d 1288, 1293 (11th Cir. 2006).

In Lu Soro, the appellate court affirmed the trial court's finding that "collateral estoppel was applicable to the issue of priority use" of a trademark. Id. Soro was precluded from re-litigating the

4

CASE NO. 09-61590-CIV-Gonzalez

issue of priority of use (or first use) of the mark CITICORP because, in the earlier case, Soro was enjoined from using trade names similar to CITICORP and the injunction included a finding that Citigroup first used the mark. In <u>Int'l Order of Job's Daughters v. Lindeburg & Co.</u>, 727 F.2d 1087, 1091 (Fed. Cir. 1984), the Ninth Circuit held that a party was precluded from re-litigating the issue that "Job's Daughters name and emblem -- mainly as a result of its widespread use by non-licensed jewelers and lack of control by appellant -- fulfilled a functional, aesthetic purpose and **did not serve as a trademark**" and therefore the registration should be cancelled in the subsequent action before the USPTO Trademark Trial and Appeal Board (TTAB). <u>Id.</u> (emphasis added). In <u>Mother's Restaurant, Inc. v. Mama's Pizza, Inc.</u>, 723 F.2d 1566, 1571 (Fed. Cir. 1983), the Federal Circuit affirmed the TTAB's decision granting a petition to cancel a registered mark, giving collateral estoppel effect to state court findings of prior use and confusing similarity.

In the case at bar, Coach Services, Inc. is collaterally estopped to assert that (a) 1st Reg. '589 covers sunglasses when a prior court has ruled that the <u>1st Reg. '589 is limited to sunglass cases</u>, not sunglasses; and (b) 1st Reg. '589 cannot be used to support a counterfeit action against sunglasses when a prior court decision held otherwise. The <u>Asia Pacific</u> court specifically found that (1) 1st Reg. '589 for the 'CC Design' mark was not registered for use on sunglasses; and (2) as a result, use of an accused CC mark on sunglasses "does not qualify as a 'counterfeit mark' [use] under § 1117(c)'s provision for statutory damages." <u>Asia Pacific</u>, 676 F.Supp. at 923. The <u>Asia Pacific</u> court specifically found that 1st Reg. '589 <u>only</u> covered "sunglasses and eyeglass cases" and not sunglasses. <u>Id.</u> at 923. Coach Services, Inc. had an opportunity to fully litigate the issue of the scope of 1st Reg. '589 and whether 1st Reg. '589 could be used in a counterfeit action against sunglasses.

5

...

CASE NO. 09-61590-CIV-Gonzalez

Coach Services, Inc. was a co-plaintiff with Coach, Inc. in that case. Coach Services, Inc.'s efforts to expand the scope of 1st Reg. '589 failed, as did its efforts to expand its counterfeit rights, and is now precluded from re-litigating these issues herein. Coach ultimately settled the Asia Pacific case without appealing the California court's summary judgment order limiting the scope of 1st Reg. '589 to cases. See Pacer docket, Exh. K (see Statement of Uncontested Facts herein "Stmt Facts Exh. xx").

### 3.    Counterfeit

"A 'counterfeit' is a spurious mark which is identical with, or substantially indistinguishable from, **<u>a registered mark</u>**.'" 15 U.S.C. § 1127(emphasis added); see Babbit Elecs. v. Dynascan Corp., 38 F.3d 1161, 1181, n.6 (11th Cir. 1994); United States v. Nweke, 340 Fed. Appx. 237, 239 (5th Cir. 2009); United States v. Diallo, 575 F.3d 252, 259 (3d Cir. 2009); Gabbanelli Accordions & Imps., L.L.C. v. Ditta Gabbanelli Ubaldo Di Elio Gabbanelli, 575 F.3d 693, 698 (7th Cir. 2009); United States v. Able Time, Inc., 545 F.3d 824, 829 (9th Cir. 2008). All five of these federal appellate courts recognize that the alleged "counterfeit" must relate to the "registered mark" and cite the statutory definition in the Lanham Act (the Federal Trademark Act and its criminal counterpart 18 U.S.C. § 2320(e)(1)).

> What is a "Counterfeit" Mark?  The Lanham Act defines a "counterfeit" as "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark."  The test of "identical with, or substantially indistinguishable from" requires a closer degree of similarity than is required for traditional trademark infringement or unfair competition.  To be contrasted is the Lanham Act definition of "colorable imitation," which includes any mark which so resembles a registered mark "as to be likely to cause confusion or mistake or to deceive."  "Colorable imitation" is an archaic formulation of the traditional likelihood of confusion basis for infringement and is the legal theory of most civil trademark infringement

> litigation.  Thus the Lanham Act carves out "counterfeit" as a more egregious type of "colorable imitation."

McCarthy on Trademarks §25.10, Vol. 4, 4th Ed.

> This definition of "counterfeit" reaches only cases in which the counterfeit mark is used in connection with the same goods or services as those for which the mark is registered on the Principal Register and is in use.  Thus, if the mark REGIS is registered only for pens and pencils, while the trademark owner might well have a civil remedy against the unauthorized use of REGIS on writing paper, such a use is not a "counterfeit."

McCarthy §25.15 (citations omitted).

777 Lucky, in its earlier motion for summary judgment, presented these arguments of "no counterfeit" but did not know about (a) the Asia Pacific limitation that 1st Reg. '589 only covers "sunglasses and eyeglass cases" and not sunglasses, Id. at 923; (b) that the Asia Pacific court ruled that the counterfeit law could not be extended to the accused sunglasses due to the limitations on 1st Reg. '589; and (c) that Coach Services owned a 2nd Reg. '290 (Registration No. 3,695,290 for the Eight-C mark) covering sunglasses. Coach failed to disclose to 777 Lucky and to the Court the existence of the Asia Pacific case, the judicially imposed limitations on 1st Reg. '589, and the existence of another trademark registration for "sunglasses", namely, 2nd Reg. '290.

**4.      Failure of Notice - No Statutory Damages**

Section 29 of the Lanham Act (15 U.S.C. § 1111) states that "in any suit for infringement under this Act by such a registrant failing to give such notice of registration [e.g., the letter R enclosed within a circle, thus ®], no profits and no damages shall be recovered under the provisions of this Act unless the defendant had actual notice of the registration." This statute sets forth the notice requirements for a trademark registrant seeking to recover damages under the Lanham Act. The failure to use the statutory symbol for constructive notice of the registration is a clear statutory

CASE NO. 09-61590-CIV-Gonzalez

limitation on remedies. If notice of registration is not used, damages under the Lanham Act are limited to an accounting period beginning after the defendant received actual notification of the charge of infringement. Howard Stores Corp. v. Howard Clothing, Inc., 311 F. Supp. 704, 705 (N.D. Ga. 1970) (citing 15 U.S.C. § 1111); see also GTFM, Inc. v. Solid Clothing, Inc., 215 F. Supp. 2d 273, 306 (S.D.N.Y. 2002) (stating that to recover for infringement occurring after date of registration of mark plaintiff must have displayed statutory notice or prove that defendant had "actual notice of that registration"); Asia Pacific at p. 924. In the present case, there have been no sales of any allegedly infringing or counterfeit goods, since all accused goods were seized and destroyed. As noted below, (a) when the accused goods were seized, Coach did not have a trademark registration for sunglasses and (b) the trademark registration for "sunglasses", namely, 2nd Reg. '290, was registered seven (7) days AFTER the present suit was filed.

The notice requirements of Section 29 applies to Section 35(a) (15 U.S.C. § 1117(a)), which governs the recovery for the violation of any right of the registrant of a registered mark. Indeed, 15 U.S.C. § 1117(a) expressly states that the right to recover profits or damages is "subject to" Section 29. Since 1989, damages for violations of Section 43(a) ("False Designation") [DE 1, Count II] have been "subject to" the provisions of the Section 29 requirements of notice, according to the express statutory language of Section 35(a) (15 U.S.C. § 1117(a) (emphasis added)):

> When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation under section 43(a) or (d) [15 U.S.C. §§ 1125(a) or (d)], or a willful violation under section 43(c) [15 U.S.C. § 1125(c)], shall have been established in any civil action arising under this Act, the plaintiff shall be entitled, subject to the provisions of sections 29 and 32 [15 U.S.C. §§1111, 1114] of this Act, and subject to the provisions of equity, to recover [defendant's profits or plaintiff's damages].

CASE NO. 09-61590-CIV-Gonzalez

In view of this statutory language, a registrant cannot avoid the notice limitation imposed by Section 29 by claiming that all of its damages fall under the Section 43(a) rather than under Section 32 for the registered mark. 3 McCarthy on Trademarks and Unfair Competition (4th Ed.) § 19.144. Section 29 does not distinguish between the kind of infringement that a registrant proves under the Lanham Act. Id. Rather, Section 29 simply states that no profits and damages shall be recovered "under the provisions of this Act" unless statutory or actual notice was given. Id. Moreover, to limit the "subject to" language of 15 U.S.C. § 1117(a) to only infringement of a registered trademark would render that statutory language superfluous and redundant with Section 29 which by its plain language already applies to "any suit for infringement" of a registered trademark.

Section 35(c) (15 U.S.C. § 1117(c) ("Statutory Damages")) is the provision of the Lanham Act that authorizes statutory damages for a counterfeit of a registered mark. In accordance with Section 29 (15 U.S.C. § 1111), Coach may not recover any statutory damages for any sales that occurred before 777 Lucky was given actual notice of 2nd Reg.'290, unless (a) the mark was registered and (b) Coach had previously used the ® symbol with the CC Design mark on the goods listed in the registration. While 15 U.S.C. § 1116(d)(1)(B)(i) does define a "counterfeit mark" as being actionable "whether or not the person against whom relief is sought knew such mark was so registered," this does not obviate the notice requirements of 15 U.S.C. § 1111 for damages. First, 15 U.S.C. § 1116 is directed to injunctive relief, and, based on the above definition of "counterfeit mark," allows ex parte seizures of counterfeit goods "whether or not the person against whom relief is sought knew such mark was so registered." Because that language from 15 U.S.C. §

9

CASE NO. 09-61590-CIV-Gonzalez

1116(d)(1)(B)(i) would still apply to injunctive relief (as it did even before the remedy of statutory damages was added to the Lanham Act), this language would not be rendered "superfluous" if the notice requirements of 15 U.S.C. § 1111 for recovering damages were to apply to the recovery of statutory damages under 15 U.S.C. § 1117(c).

The Asia Pacific Court ruled on the notice requirement as follows:

> [T]hat where a plaintiff, as Coach has here, sues under both 15 U.S.C. § 1114 (for infringement of a registered mark) and § 1125(a) (for infringement of a mark that need not be registered), the plain language of § 1117(a) and § 1111 indicates that a plaintiff must meet § 1111's "actual notice requirement" to recover profits or damages under § 1125(a). See 15 U.S.C. §§ 1111, 1117(a).

Asia Pacific at 924.

Since Coach Services, Inc. did not have "registered" trademark rights for the accused Catenated Eight-C Design mark at the time of the alleged acts, nor even at the time this case was filed, 777 Lucky could not have been put on notice of federally registered trademark rights. Therefore, just as the Court in Asia Pacific found, there are no damages, statutory or otherwise, available to Coach Services, Inc. in the present case.

For these reasons, 777 Lucky requests that this Court reconsider the motion for summary judgment, relating to infringement and counterfeit, and further rule that no statutory damages are available to Coach Services, Inc.

**B.     Procedural History**

Previously, this Court, through Judge Moreno, ruled on the parties' cross motions for Summary Judgment [DE 28, DE 30]. The Court's general findings are summarized in the early part of the decision [DE 64]:

CASE NO. 09-61590-CIV-Gonzalez

> For the reasons stated below, the Court finds that neither party satisfied the likelihood of confusion test used to determine whether the goods are counterfeit, and therefore, the Court denies both parties' motions as to the issue of whether the goods are counterfeit. As to the second part of Defendants' motion, the Court finds Defendants have presented sufficient evidence that the individual Defendants are not personally liable for trademark infringement.

[DE 64, p1]

In reaching its decision, partially denied both parties' motions on the issue of counterfeit (Coach moved for a finding of counterfeit and 777 Lucky independently moved for a finding of "no counterfeit"). The Court made the following statement:

> Since as early as 2001, Plaintiff has used its "C" mark in connection with the manufacture and sale of its merchandise. Plaintiff s "C" mark consists of a repeating pattern featuring a stylized letter "C" in different orientations. (Decl. Pyatt ¶ 5.) Plaintiff registered the "C" mark with the United States Patent and Trademark Office in 2004 with registration number 2,832,589, for use in connection with "sunglasses and eyeglass cases." **Plaintiff uses this "C" mark** in a line of sunglasses called the "Charlee" model.

[DE 64, p.2](emphasis added).

The Court relied upon Coach Services, Inc.'s multiple misrepresentations to the Court about the status and scope of its trademark rights in 1st Reg. '589, and relied upon affidavits from April Pyatt, Coach's I.P. Manager, which contained those same misrepresentations. It is clear that the Court was fooled into believing that 1st Reg. '589 applied to sunglasses. Months earlier, the <u>Asia Pacific</u> court had held in a very similar case that 1st Reg. '589 applied to sunglass cases, not sunglasses, and that a counterfeit action with 1st Reg. '589 against sunglasses could not be maintained.

The chronologic statement of material uncontested facts submitted concurrently herewith document these consistent misrepresentations in discovery, in pleadings and in Coach's affidavits used to support its summary judgment motion on counterfeit [DE 28].

CASE NO. 09-61590-CIV-Gonzalez

**C.** **Coach Services, Inc. Filed This Case Without A Trademark Registration For Sunglasses And Misled This Court Throughout the Entire Case.**

Coach Services, Inc.'s 1st Reg. '589 does not cover sunglasses. The Asia Pacific case made such a finding, and the facts herein merit a similar finding. If 1st Reg. '589 had covered "sunglasses" then there would be no need for the second U.S. Trademark Application Serial No. 77/687107 (2nd Reg. '290), which Coach Services, Inc. filed with the U.S. Patent and Trademark Office shortly after the Asia Pacific Defendants filed their answers in that earlier lawsuit. In that second trademark application, Coach specifically listed "sunglasses" for the same Cantonated Eight-C Design mark contained in 1st Reg. '589. The second Eight-C registration covers different goods, to wit, sunglasses. Filing such an application would have been superfluous and redundant if Coach's 1st Reg. '589 had covered "sunglasses" separately from "sunglasses and eyeglass cases." The reality is that 1st Reg. '589 merely covers "sunglasses cases" and "eyeglasses cases" and Coach relied on the conjunctive word "and" in the description of goods, to fool the Court and 777 Lucky into believing it had a registration for sunglasses, prior to filing the present lawsuit. Coach Services, Inc. admitted that the 1st Reg. '589 is limited to "cases" in the Asia Pacific case. See Statements Against Interest, Stmt. Facts Exh. G, pgs. 14, 17.

Despite this knowledge, Coach Services, Inc. filed the present litigation on October 6, 2009, prior to having an actual registration (10/13/09) covering sunglasses and failed to ever notify or disclose the existence of the new registration (Reg. No. 3,695,290, herein "2nd Reg. '290") or the findings by the Asia Pacific court to this Court or to Defendants 777 Lucky. Stmt. Facts Exh. E. These are acts of deliberate misrepresentation through omission. Coach Services, Inc. is under an

CASE NO. 09-61590-CIV-Gonzalez

ongoing obligation to turn over discovery related documents, and never turned over these case dispositive documents. Coach never disclosed 2nd Reg. '290 to 777 Lucky in any pleading nor in any discovery. Even in recently obtained trial exhibits, Coach does not disclose 2nd Reg. '290. None of Coach Services, Inc.'s pleadings ever mention 2nd Reg. '290. Coach Services, Inc. fails to cite the directly contradictory holding in Asia Pacific and misleads the Court and 777 Lucky by using carefully crafted statements and answers which appear to expand the scope of coverage of the 1st Reg. ' 589 to sunglasses. This expanded coverage was rejected by the Asia Pacific court.

Since Coach Services, Inc. did not have a trademark registration which covered sunglasses at the time of the complained of acts, or even at the time this case was filed (2nd Reg. '290 issued seven (7) days after lawsuit filed), then Defendants can not be liable for counterfeit. Coach Services, Inc. knew of this defect and purposefully misled and misrepresented to Defendants and the Court about its so-called superior "counterfeit" rights relating to the accused sunglasses.

Wherefore, Defendants respectfully request this Court reconsider the Motion for Summary Judgment. 777 Lucky seeks a ruling that (a) the accused sunglasses were not a "counterfeit" of the asserted 1st Reg. ' 589; (b) Coach is estopped to assert that 1st Reg. ' 589 covers sunglasses because the Asia Pacific court held that 1st Reg. ' 589 covers only "cases"; (c) counterfeit damages are not available since 1st Reg. ' 589 covers only "cases" and 2nd Reg. '290 (covering sunglasses) did not issue as a registered mark until AFTER the present lawsuit was filed; and (d) no statutory damages are available to Coach because of the lack of notice by Lanham Act § 29.

CASE NO. 09-61590-CIV-Gonzalez

In light of the egregious nature of the misrepresentations, including Coach Services, Inc.'s failure to identify these case dispositive documents, Defendants request dismissal of all claims with prejudice, and any other relief the Court deems just and proper.

Dated: _Sept. 8, 2010_____          By:/Robert Kain/___
                                    Robert C. Kain, Jr. (Florida Bar No. 266760)
                                    Rkain@ComplexIP.com
                                    Darren Spielman (10868)
                                    Dspielman@ComplexIP.com
                                    KAIN & ASSOCIATES, Attorneys at Law, P.A.
                                    900 Southeast 3rd Avenue, Suite 205
                                    Fort Lauderdale, FL  33316
                                    T:  (954) 768-9002
                                    F:  (954) 768-0158
                                    Attorneys for Defendants

CASE NO. 09-61590-CIV-Gonzalez

## CERTIFICATE OF SERVICE

I hereby certify that on _Sept. 8_____, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

_/RobertKain/_____
Robert C. Kain, Jr.

## SERVICE LIST
COACH SERVICES, INC. vs. 777 LUCKY ACCESSORIES, INC. JOSHUA GLICKMAN, SHAUL  ASHKENAZY, and EZRA SAIG,
CASE NO. 09-61590-CIV-MORENO
United States District Court, Southern District of Florida

Counsel for Plaintiff
Paul Aiello
Bennett Aiello Cohen & Fried
The Ingraham Building, Suite 808
25 Southeast Second Avenue
Miami, Florida 33131-1603
Direct Line: (305) 358-4774
Phone: (305) 358-9011
Facsimile: (305) 358-9012
Email: paiello@bennettaiello.com

G:\RCK\CLIENTS\Exist-777-Lucky\Coach-v-777-Lucky\mot-SJ-reconsider-ss.wpd