UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

COACH SERVICES, INC.,                                    CASE NO. 09-61590-CIV-Gonzalez
      Plaintiff,
vs.
777 LUCKY ACCESSORIES, INC.
JOSHUA GLICKMAN, SHAUL
ASHKENAZY, and EZRA SAIG,
      Defendants.

_____/

## DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION

Defendants, 777 Lucky Accessories, Inc., Joshua Glickman, Shaul Ashkenazy, and Ezra Saig, (herein collectively "777 Lucky"), hereby file this Reply in support of its motion [DE 81] for reconsideration of this Court's Order [DE 64]. Plaintiff, Coach Services, Inc.'s, (herein "COACH") Opposition brief [DE 89] is loaded with facts, contentions, contradictions and distractions. 777 Lucky's motion is simple (i) COACH misrepresented case dispositive information to the Court in its pleadings and responsive discovery materials; (ii) COACH failed to cite to the Court a California District Court case directly on point involving the same trademark registration asserted herein, finding "no counterfeit" for the Eight-C design, Reg. No. 2,832,589 (herein "1st Reg. '589"), asserted against the same type of goods, namely sunglasses; (iii) COACH hid all evidence of Registration No. 3,695,290 ("2nd Reg. '290") for the Eight-C mark which explicitly covers "sunglasses." See registrations, Reply Exhibit A.

### A.    Reconsideration is Proper

A court may reconsider its earlier ruling "where (1) an intervening change in controlling law happens; (2) new evidence is discovered; (3) the need to correct clear error or prevent manifest

CASE NO. 09-61590-CIV-Gonzalez

injustice exists; **or** (4) a patent misunderstanding by the Court of the party's arguments has occurred."[1] Bettis v. Toys "R" Us, 2009 U.S. Dist. LEXIS 54444, 2-4 (S.D. Fla. June 23, 2009)(emphasis added). 777 Lucky's position is that (a) the 2nd Reg. '290 is newly discovered evidence that COACH deliberately withheld from 777 Lucky during this year-long litigation; and, (b) in light of the Asia Pacific case, manifest injustice will exist if COACH is permitted to bury this reported adverse decision which limits the scope of the 1st Reg. '589 to "sunglass cases" and "eyeglass cases" due to issue preclusion.  See Coach, Inc. and Coach Services, Inc. v. Asia Pacific et al., 676 F.Supp. 2d 914 (C.D. Ca 2009).  Aggressive brand owners using U.S. Customs to seize goods under the counterfeiting laws should be limited by prior court decisions and should be held accountable to disclose relevant trademark registrations and applications.   COACH has approximately 100 federally registered trademarks or pending applications (see Reply Exhibit B, attached).   For COACH to argue that 777 Lucky should search for and sift through all 100 registrations and pull out THE MOST RELEVANT registrations, directed to the goods seized and destroyed, is untenable.  Likewise, if this Court ignores the adverse decision in Asia Pacific, COACH can cherry pick favorable decisions (offensive use of collateral estoppel) and bury adverse decisions (which limits defensive use of collateral estoppel by defendants).

---

[1] COACH's brief at pg. 8 misstates the test by replacing the "or" from the Bettis case with an "and" and suggests that all four (4) conditions need to be met.  The Bettis opinion quotes Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) which clearly states "[T]here are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."

CASE NO. 09-61590-CIV-Gonzalez

**B.**       **Collateral Estoppel**

COACH is collaterally estopped to assert that (a) 1st Reg. '589 covers sunglasses when a prior court limited the scope of 1st Reg. '589 <u>to sunglass cases</u> and ruled that Reg. '589 does not cover sunglasses; and (b) 1st Reg. '589 cannot be used to support a counterfeit action against sunglasses when a prior court decision held otherwise. COACH's arguments regarding interpretation of the 1st Reg. '589 were the same arguments presented in briefs to the court in <u>Asia Pacific</u>. The California court disagreed with COACH and the same result should be obtained here.  COACH failed to cite the directly contradictory holding in <u>Asia Pacific</u> and misleads the Court and 777 Lucky by using carefully crafted statements and answers which appear to expand the scope of coverage of the 1st Reg. ' 589 to sunglasses.

The 11th Circuit has clearly annunciated the test for "issue preclusion."  In the case at bar, 777 Lucky seeks to preclude COACH from re-litigating the scope and the enforcement of 1st Reg. '589.  As discussed below, the finality of judgment nor a settlement effects issue preclusion. COACH did present evidence on the identical issue (Are sunglasses subject to a counterfeit action with the 1st Reg. '589?) and the California court found no disputed facts.  Issue preclusion is different than claim preclusion which, in turn, is different than res judicata.  Claim preclusion bars a party from re-litigating a cause of action whereas res judicata bars a party from re-litigating in a second lawsuit <u>any</u> <u>action</u> that it could have brought in the prior suit.  Defensive use of collateral estoppel is more permissive than offensive use.   777 Lucky seeks to use collateral estoppel defensively herein.

Collateral estoppel, or issue preclusion, bars re-litigation of issues actually litigated and necessary to the judgment of prior litigation when the party against

3

CASE NO. 09-61590-CIV-Gonzalez

whom the earlier decision is asserted had a full and fair opportunity to litigate in the earlier proceeding."There are several  prerequisites to the application of collateral estoppel: (1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding."

Lu Soro v. Citigroup, 287 Fed. Appx. 57, 59-60 (11th Cir. 2008)(quoting I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1549 (11th Cir. 1986) and citing Precision Air Parts, Inc. v. Avco Corp., 736 F.2d 1499, 1501 (11th Cir. 1984)); see also Wingard v. Emerald Venture Fla. LLC, 438 F.3d 1288, 1293 (11th Cir. 2006).

The issue here and in Asia Pacific are the same: Does the scope of coverage of 1st Reg. '589 cover only cases (sunglass cases and eyeglass cases) and, the related issue: Can the 1st Reg. '589 be used in a counterfeit action against sunglasses. In Asia Pacific, COACH brought a counterfeit action asserting 1st Reg. '589 against a defendant importing sunglasses.  Herein, COACH sues 777 Lucky claiming counterfeit of the 1st Reg. '589 in light of 777 Lucky's sunglasses. The Asia Pacific court found at summary judgment that 1st Reg. '589 covered only cases and 1st Reg. '589 could not be used in a counterfeit action against sunglasses.

The four (4) issue preclusion factors from Lu Soro are present herein.  **Factor 1**: The issues of coverage of 1st Reg. '589 and use in a counterfeit action were litigated at a summary judgment level in the Asia Pacific case.  **Factor 2**: These issues were actually litigated as noted in the reported decision.  **Factor 3**: These issues were a critical and necessary part of the summary judgment decision.  **Factor 4**: COACH was a co-plaintiff in the Asia Pacific case and therefore had a full and fair opportunity to litigate both these issues.  An evidentiary hearing is not necessary when the court finds no material disputed fact.

4

CASE NO. 09-61590-CIV-Gonzalez

COACH argues that collateral estoppel does not apply because the Asia Pacific case was

settled.  First, as a matter of policy, if the Asia Pacific court had found that 1ˢᵗ Reg. '589 covered

sunglasses and "cases" (contrary to the court's ruling), COACH would offensively cite the case

herein.  However, since COACH lost the Asia Pacific case, it now seeks to bury the decision as if

the California court summary judgment had no effect.  This big brand owner tactic should not be

tolerated by the Court.

The finality requirement, that a judgment be issued, is not an essential element to establish

issue preclusion.

> It is widely recognized that the finality requirement is less stringent for issue
> preclusion than for claim preclusion. See Miller Brewing Co. v. Jos. Schlitz Brewing
> Co., 605 F.2d 990, 996 (7th Cir.1979); Lummus Co. v. Commonwealth Oil Refining
> Co., 297 F.2d 80, 89 (2d Cir.1961); Restatement (Second) Judgments § 13 (1980);
> 18 Charles Alan Wright et al., Federal Practice and Procedure § 4434 at 321 (1981
> & Supp.2000). The July 13 order satisfied this limited standard for finality. The court
> considered a wide range of evidence from all concerned parties and wrote a
> substantial order in which it explained its findings. Moreover, the court put the
> parties on notice that the order could have preclusive effect, and it is clear that both
> the district and bankruptcy courts considered those findings final. Even if the
> Christos were technically correct that the July 13 order has no preclusive effect, their
> argument is ultimately one of form rather than substance. Three weeks after
> dismissing the Christos' lawsuit, the district court entered a final order approving the
> proposed settlement in the Miller litigation.

Christo v. Padgett, 223 F.3d 1324, 1339 (11th Cir. 2000).

In Asia Pacific, COACH settled the matter with a consent judgment as did the plaintiff in

Christo.  See Asia Pacific Docket at DE 82-11, p. 19.  "In determining when an issue has been

'actually litigated,' the Pleming court cited with approval the Restatement's formulation that 'when

an issue is properly raised, by the pleadings or otherwise, and is submitted for determination, and

is determined, the issue is actually litigated.'" Christo v. Padgett, 223 F.3d at 1339 (quoting

5

CASE NO. 09-61590-CIV-Gonzalez

Restatement (Second) of Judgments § 27 cmt. d (1982) and citing Pleming v. Universal-Rundle

Corp., 142 F.3d 1354, 1359 (11th Cir.1998)).

When cases are settled, the courts look to the settlement document to determine preclusive

effect.

> As we pointed out in Barber, "the nature of consent decrees forces a twist in this
> traditional analysis" because the second requirement, actual litigation, is always
> missing when cases are settled. Id. The proper analysis, as outlined in Barber and its
> predecessor Kaspar Wire Works, is whether the parties specifically agreed to
> preclude a given issue in the consent decree. "The central inquiry in determining the
> preclusive effect of a consent decree is the intention of the parties as manifested in
> the decree or otherwise." Intent may be inferred from the words of the agreement or
> the record.

Richardson v. Alabama State Bd. of Educ., 935 F.2d 1240 (11th Cir. 1991)(quoting Barber v.
International Brotherhood of Boilermakers, 778 F.2d 750, 757 (11th Cir.1985) and citing Kaspar
Wire Works, Inc. v. LECO Engineering & Machine, Inc., 575 F.2d 530 (5th Cir. 1978); see also
Citibank, N.A. v. Data Lease Financial Corp., 904 F.2d 1498 (11th Cir. 1990)(no issue preclusion
because settlement document reserved rights with respect to third parties); Norfolk S. Corp. v.
Chevron U.S.A., Inc., 279 F. Supp. 2d 1250 (M.D. Fla. 2003)("consideration is to be given to their
intention with respect to the finality to be accorded the decree as reflected by the record and the
words of their agreement").

> The Port Authority contends that the issues decided by Judge Rosas were never
> actually litigated because the proceedings before him were ultimately settled.
> Notwithstanding the Port Authority's characterization of its argument, the issue that
> the Port Authority raises more generally concerns whether Judge Rosas's decision
> was sufficiently final for collateral estoppel purposes.  The Port Authority's position
> finds support in the view of finality sometimes held by the Fifth Circuit, which
> provides that "judicial finality" for collateral estoppel purposes requires a "formal
> entry of judgment." ... The Eleventh Circuit, however, has rejected a formalistic
> approach to finality and instead has said that a "final judgment" for collateral
> estoppel purposes "includes any prior adjudication of an issue in another action that
> is determined to be sufficiently firm to be accorded preclusive effect." Christo v.
> Padgett, 223 F.3d 1324, 1339 n.47 (11th Cir. 2000) (quoting Restatement (Second)
> Judgments § 13). Thus, while preclusive effect should not attach to an "avowedly
> tentative" decision, a decision that has been supported by a reasoned opinion and that
> "was subject to appeal or was in fact reviewed on appeal" should, in most instances,
> qualify as a final decision for collateral estoppel purposes, regardless of whether the
> decision was entered as a final judgment. Restatement (Second) Judgments § 13; see

CASE NO. 09-61590-CIV-Gonzalez

also <u>Dana v. E.S. Originals, Inc.</u>, 342 F.3d 1320, 1323-24 (Fed. Cir. 2002) (finding that partial summary judgment is sufficiently final for collateral estoppel purposes under the standard set forth by the Eleventh Circuit in <u>Christo</u>).  Under this flexible view of finality, Judge Rosas's decision was, without question, sufficiently final. First, there is absolutely no indication that Judge Rosas intended for his decision to be tentative in any way. Indeed, after Judge Rosas issued his decision, the only matter left to be determined was the extent of the Port Authority's damages. All substantive issues had been resolved. ... In addition, Judge Rosas's decision not only came on the heels of extensive proceedings, but was supported by a thoroughly reasoned forty-one page opinion. Finally, notwithstanding the fact that the proceedings before Judge Rosas were resolved pursuant to a settlement agreement which stipulated that the parties forfeit their rights to appeal, Judge Rosas's decision was nevertheless "subject to appeal." See id. (noting that the parties were giving up their right to appeal as part of their settlement). That Judge Rosas's decision was not actually appealed merely means, naturally enough, that the decision was not appealed and not that it was not subject to appeal. Had the Port Authority or any other party truly desired to appeal Judge Rosas' decision, it could have done so in the stead of settlement.

<u>Petchem, Inc. v. Canaveral Port Auth.</u>, 2005 U.S. Dist. LEXIS 20254, 12-15 (M.D. Fla. Aug. 2, 2005)(supporting the application of issue preclusion).

Partial summary judgments do have preclusive effect.

**If a partial summary judgment is never to have preclusive effect, a party involved in a series of suits against different litigants will have the option to avoid preclusive effects in future suits simply by settling the current suit whenever an unfavorable summary judgment order is issued.** This would be directly contrary to the goal of judicial economy that collateral estoppel is designed to promote.  When "the court has entered a partial summary judgment against a party on an entire claim and the losing party chooses to settle rather than secure an appeal, that party will face subsequent application of the doctrine of issue preclusion."

<u>Dana v. E.S. Originals</u>, 228 F. Supp. 2d 1339, 1345-1346 (S.D. Fla. 2002)[2](emphasis added)(quoting <u>Siemens Medical Sys., Inc. v. Nuclear Cardiology Sys., Inc.</u>, 945 F. Supp. 1421, 1436 (D. Colo. 1996).

COACH seeks the same result criticized in the <u>Dana</u> case.  It wants to use only favorable rulings and discard unfavorable rulings.  It is manifestly unjust if this Court does not give preclusive

---

[2] This trial court decision was appealed.  <u>Dana v. E.S. Originals, Inc.</u>, 342 F.3d 1320, 1325 (Fed. Cir. 2003).  The appellate court held "that the legal prerequisites for applying collateral estoppel were satisfied in this case" but remanded the action to determine whether defendant had an opportunity to defend against the offensive use of issue preclusion.

CASE NO. 09-61590-CIV-Gonzalez

effect to the <u>Asia Pacific</u> case.  COACH cannot assert that (a) 1st  Reg. '589 covers sunglasses due

to the prior court decision; and (b) 1st Reg. '589 supports a counterfeit action against sunglasses.

**C.      No Response: (1) Counterfeit Requires a Substantially Indistinguishable Registered**
**Mark and (2) Failure of Notice**

COACH's brief fails to address the issue raised by 777 Lucky that counterfeit can only be

asserted when the accused mark is substantially identical to a registered mark.  15 U.S.C. § 1127;

see <u>Babbit Elecs. v. Dynascan Corp.</u>, 38 F.3d 1161, 1181, n.6 (11th Cir. 1994).  The "registered

mark" and "identicality" policy supports the concept that a person can check the federal trademark

register to determine whether a proposed mark is substantially identical to a registered mark in order

to avoid counterfeiting.  The marks in this dispute are shown in 777's Brief, DE 30, pg. 2.

COACH's brief also fails to address 777's failure of notice argument under 15 U.S.C. §1111

and the bar against damages.  See 777 Brief, DE 30, pgs. 7-10.

**D.      Obligations to Disclose Relevant Documents -  Rule 37**

COACH has an ongoing obligation to turn over in discovery relevant documents to the issues

framed in the pleadings and never turned over 2nd Reg. '290 to 777 Lucky.  See Fed. R. Civ. P.

26(a)(1)(A)(ii) (initial disclosures); Fed. R. Civ. P. 26(a)(3)(A)(iii) (pretrial disclosures); Fed. R.

Civ. P. 26(e) (supplementing disclosures).  Prior to Defendant's filing of this reconsideration [DE

81], COACH never disclosed 2nd Reg. '290 in any pleading nor in discovery. "Rule 37(c), which is

a 'self-executing sanction for failure to make a disclosure,' is 'the more effective enforcement'

mechanism of the disclosure requirement when 'the party required to make the disclosure would

need the material to support its own contentions.'" <u>Barron v. FRB</u>, 129 Fed. Appx. 512, 519 (11th

Cir. 2005)(quoting Fed. R. Civ. P. 37, Advisory Committee's Note (1993)).  Lately COACH added

CASE NO. 09-61590-CIV-Gonzalez

the 2nd Reg. to its trial exhibit list to support its counterfeit contentions. 777 Lucky reserves the right to file a motion for Rule 37(c) sanctions.

**E.     2nd Reg. '290**

COACH's opposition, being chock full of facts, is an effort to confuse the issue which is simple: Did COACH have an obligation to disclose the 2nd Reg. '290 to 777 Lucky?  COACH rambles on about filing dates, the meaning of "and," dates of first use, and classes of goods compared to listed goods. All this data may be relevant at trial, but it cannot be disputed that (a) 2nd Reg. '290 specifically covers "sunglasses" and (b) the <u>Asia Pacific</u> case holds that 1st Reg. '589 does not cover sunglasses.  COACH contradicts itself in its own documents.  Its brief [DE 89] and statement of material facts [DE 88] claims on three separate occasions that the 2nd Reg. '290 is **<u>irrelevant</u>** to this case. See DE 88, p.6 ¶9, p.9 ¶13 and DE 89 p.6. HOWEVER, subsequent to defendant's motion, COACH added this "irrelevant" registration its exhibit list. See Reply Exh. C, p. 20-21.[3]

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." <u>Royal Bahamian Ass'n v. Qbe Ins. Corp.</u>, 2010 U.S. Dist. LEXIS 101275, 3-4 (S.D. Fla. 2010)(quoting Fed R. Evid. 401).  "This requires that discovery be provided

---

[3]  On September 10, a few hours after the filing the Motion for Reconsideration, COACH delivered 777 Lucky an Amended Trial Exhibit List. The Amended Trial Exhibit List was a result of Defendants' request for production of Plaintiff's Trial Exhibit 847, with Bates page numbering. See DE 82-10. COACH first produced Trial Exhibit 847 on September 5, 2010, which did not include 2nd Reg. '290. After 777 Lucky filed its motion for reconsideration, COACH <u>then surreptitiously included</u> 2nd Reg. '290 into Trial Exhibit 847. See Reply Exh. C.

CASE NO. 09-61590-CIV-Gonzalez

if the information has some bearing on the claims or defenses in the case... Admissible evidence is almost always discoverable." Buckley Towers Condo., Inc. v. QBE Ins. Corp., 2008 U.S. Dist. LEXIS 49305 (S.D. Fla. June 26, 2008)(citing Dunkin' Donuts, Inc. v. Mary's Donuts, Inc., 2001 U.S. Dist. LEXIS 25204, 2001 WL 34079319, at *2 (S.D. Fla. Nov. 1, 2001); Fed. R. Evid. 401). Under this liberal view of relevance, 2nd Reg. '290 is clearly relevant to the issues herein. See both registrations, Reply Exh. A.

COACH's tactic of confusion and contradiction continues in its brief on page 9 when it states that "Christo v. Padgett, 223 F.3d 1324, 1339 & n.47 (11th Cir. 2000) (declined to apply collateral estoppel)" and then on page 10 contradicts that position: "On appeal, the Eleventh Circuit held that the final order approving the settlement was 'sufficiently firm' insofar as the factual findings concerning the 'straw-man' agreement, and affirmed dismissal of the action by the Christo family based upon the defense of collateral estoppel. Id. at 1339-40." (emphasis added).

WHEREFORE, Defendants request that this Court grant reconsideration and hold that (a) the accused sunglasses were not a "counterfeit" of the asserted 1st Reg. ' 589; (b) COACH is estopped to assert that 1st Reg. ' 589 covers sunglasses; (c) counterfeit damages are not available since 1st Reg. ' 589 covers only "cases" and 2nd Reg. '290 (covering sunglasses) did not issue as a registered mark until AFTER the present lawsuit was filed; and (d) no statutory damages are available to COACH because of the lack of notice required by Lanham Act § 29. In light of the egregious nature of the misrepresentations, Defendants request dismissal of all claims with prejudice, and any other relief the Court deems just and proper.

Dated: __Sept 30, 2010                By: _/RobertKain/_____
                                       Robert C. Kain, Jr. (Florida Bar No. 266760)

CASE NO. 09-61590-CIV-Gonzalez

Rkain@ComplexIP.com
Darren Spielman (10868)
Dspielman@ComplexIP.com
KAIN & ASSOCIATES, Attorneys at Law, P.A.
900 Southeast 3rd Avenue, Suite 205
Fort Lauderdale, FL  33316
T:  (954) 768-9002
F:  (954) 768-0158
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on __Sept 30_____, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

__/RobertKain/_____
Robert C. Kain, Jr.

11

CASE NO. 09-61590-CIV-Gonzalez

## **SERVICE LIST**

COACH SERVICES, INC. vs. 777 LUCKY ACCESSORIES, INC. JOSHUA GLICKMAN,
SHAUL  ASHKENAZY, and EZRA SAIG,
CASE NO. 09-61590-CIV-MORENO
United States District Court, Southern District of Florida


Counsel for Plaintiff
Paul Aiello
Bennett Aiello Cohen & Fried
The Ingraham Building, Suite 808
25 Southeast Second Avenue
Miami, Florida 33131-1603
Direct Line: (305) 358-4774
Phone: (305) 358-9011
Facsimile: (305) 358-9012
Email: paiello@bennettaiello.com


G:\RCK\CLIENTS\Exist-777-Lucky\Coach-v-777-Lucky\mot-SJ-reconsider-REPLY-ss